## THOMPSON v. BANKS.

By the demise of a mill privilege, with all privileges and appurtenances thereto belonging, there would pass to the lessees all the privileges and easements which had before become attached to the mill privilege, such as the right to build and maintain a dam, erect mills, all rights of flowage upon the lands of the lessor or others, all rights of way, and rights of laying logs or lumber, or of a mill yard, whether these rights had been acquired by grant or by prescription.

The defendant leased to the plaintiff a certain mill privilege, consisting of land, water-power, rights of flowage and of building mills, &c., and covenanted that the plaintiff should have "a privilege of laying logs, boards, and other lumber, *on or about* said privilege aforesaid":—*Held*, that this was only a covenant that the plaintiff might use and occupy the land belonging to the mill privilege for the purposes specified, and not a covenant that the plaintiff may use and occupy the defendant's land, lying outside of the mill privilege, for such purposes.

ACTION of covenant broken. The facts sufficiently appear in the opinion of the court.

*Stickney*, for the plaintiff.

*Small*, for the defendant.

SARGENT, J. The defendant conveyed to the plaintiff and his brother, by lease, for so long a time as they should wish to occupy the same, at a certain yearly rent, "all that mill privilege called the Leathers' privilege, situate in said Nottingham, and then in possession of said Banks, with all the privileges and appurtenances to the same belonging, to have and to hold the same to them," &c. He also covenanted with them for the quiet enjoyment of the premises so conveyed, and that they should have power to erect a mill upon said privilege to saw boards and other lumber, and that they should have full power to build a dam sufficiently high to raise a pond of water sufficient for the operation of said mill, and a privilege of laying logs, boards, and other lumber, *on or about* said privilege aforesaid.

The plaintiff, who now owns the whole of the demised premises, brings this action of covenant broken, upon the ground that he has not been allowed to occupy the defendant's land, outside of the mill privilege, for laying his logs and lumber as he alleges he has the right to do by this lease. The defendant demurs to this declaration, and alleges that by the terms of the lease the plaintiff is entitled to no such privilege as he claims, and that he can not maintain this suit. There is no controversy about the boundaries of the mill privilege conveyed; the line between that and the defendant's land is fixed and definite, and the plaintiff does not complain that he has not enjoyed all the privileges covered by the demise or the covenants, except the privilege of laying logs, &c., *about* said privilege, which he claims to mean outside of said privilege, and on the defendant's land. The whole controversy thus turns upon the construction to be given to the words "on or about" in the covenant.

By the demise of this mill privilege, with all the privileges and appurtenances to the same belonging, there passed to the lessees all the privileges and easements which had before become attached to

the mill privilege, such as the right to build and maintain a dam, erect mills, all rights of flowage upon the lands of the lessor or others, all rights of way, and rights of laying logs and lumber, and of a mill-yard, whether these rights had been acquired by grant or by prescription. Angel on Water-courses 169; *Pettee* v. *Hones*, 13 Pick. 323; *Gibson* v. *Brockway*, 8 N. H. 465; *Dunklee* v. *Wilton Railroad Company*, 24 N. H. 495; *Richardson* v. *Palmer*, 38 N. H. 212; *Pray* v. *Great Falls Manufacturing Company*, 38 N. H. 442; *Gurney* v. *Ford*, 2 Allen 576.

But the plaintiff claims that, by the covenants in the lease, more is included and covered than in the terms of the demise itself; that the grantor intended, by these covenants, to enlarge the right to build a mill, and erect dams, collect ponds, and lay lumber, &c., beyond its former extent. Now a covenant can not thus enlarge a grant, and could not operate as a conveyance of any more land than was contained in the demise, yet it might operate, in order to avoid circuity of action, by way of estoppel, and in that way the covenantor might be estopped to claim such additional land or privilege, though not contained in the demise, if it was clearly covered by the covenant. *Brown* v. *Manter*, 21 N. H. 529.

But in this case we think the construction claimed by the plaintiff is not the true one. It is not claimed that any easement to lay logs or lumber on the defendant's land existed at the time of making this lease, or exists now, unless by virtue of the covenant in question; and it seems to us that the grantor did not by his covenants undertake to enlarge his grant in any respect, but he simply undertook to specify and agree what the grant was—how far it extended in certain directions. He covenanted that the privilege he had conveyed was such as to give the purchaser the right to build a mill thereon, to build a dam sufficiently high, &c., and the right to occupy such land as was connected with the privilege and belonged to it, for the purpose of laying logs and lumber thereon, as he pleased. We do not think that the expression "on or about," &c., was intended to mean that the grantee might lay his logs and lumber, not only on his own land, but ·outside of it, on the defendant's land adjoining.

Though the word "about" may frequently have the meaning of around on the outside of, without the limits of, &c., yet it as frequently, in common conversation, means through, or over, in various directions, or, in the various parts of the whole promiscuously. To travel about the country means to go from place to place in the country, and not out of it. A man about town, is not a man out of town. So if a man should scatter or lay his lumber all about his mill-yard, we should expect to find it somewhere in the limits of the yard, and not that it would all be outside of them. To ascertain the meaning of the word about, it seems necessary to consider the words used directly in connection with it, and also the subject matter in relation to which they are used. It might have a different meaning, in the sentence "all the logs in and about a certain sawmill," from what it would in this, "all the logs on or about a certain mill-yard." *Morse* v. *Pike*, 15 N. H. 529.

We think the meaning of the expression in the lease, in this case, was that the grantee should have full control of such space-way and land as then was connected with the privilege conveyed, to lay his logs, &c., on or about the same, at his own pleasure and convenience, but that it did not mean that he should have an undefined and unlimited right to lay such logs, &c., on the defendant's land outside of said privilege, when no such right had ever been exercised or claimed before.

With this view of the construction of the lease in question,

*The demurrer is sustained.*